EDNA PHILLIPS, PLAINTIFF-APPELLANT, v.
GEORGE E. PHILLIPS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 15, 1975—Decided December 26, 1975.

Before Judges CARTON, CRAHAY and HANDLER.

*Mr. Frank P. Friedman,* attorney for appellant.

*Messrs. Starkey, Turnbach, White & Kelly,* attorneys for respondent (*Mr. Michael E. Cunningham* on the brief).

PER CURIAM. This appeal involves the proper distribution to be made of a fund currently held in trust by an attorney. The result depends on the interpretation given an earlier judgment for divorce.

In 1970 plaintiff Edna Phillips was granted a divorce from defendant George Phillips. She was awarded, among other things,

* * * an equitable lien in her favor against the defendant and against any and all interest the defendant may have in [the marital home] in the sum of $5,555.33 for moneys spent for improvements and preservation of said property and also for payment made on the mortgage, interest, taxes and insurance.

In 1972 the trial judge in the original divorce action modified the 1970 order, reducing the amount of plaintiff's equitable lien to $3,000. At that time the judge explained to her, "You have a lien of $3,000 above your one-half." Earlier in the proceedings he had stated, "I do feel she is entitled to [an] equitable lien above her one-half interest. * * * [S]he has made improvements in the property. She has paid the taxes."

In July 1974 the marital home was sold, yielding proceeds of approximately $20,000. Plaintiff and defendant disagreed over the proper manner in which the fund was to be distributed.

Plaintiff contended below that the proceeds should be first divided equally and the $3,000 lien then satisfied from defendant's share. Under that interpretation plaintiff would realize a total sum of $13,000 and defendant a sum of $7,000.

Defendant wanted the lien satisfied "off the top," and the remainder divided equally. Under defendant's interpretation plaintiff would realize $11,500 and defendant $8,500.

Inexplicably, this matter was heard by a judge other than the judge who entered the original order. The second judge concluded that defendant's interpretation of the original order was the correct one. We disagree.

■ It is axiomatic that liens on a particular property should be satisfied prior to any distribution of the proceeds to the property owner or owners. See *In re Hoffman,* 63 *N. J.* 60 (1973); 51 *Am. Jur.* 2d, *Liens,* § 66 at 194. In the usual case, it makes little difference to the title holders whether the lien is satisfied "off the top" following a sale, or on a pro rata basis from the property owners' respective shares.

In this case, however, the order of satisfaction and distribution is of some moment in that one of the property owners is also a lien creditor.

Conceptually, it makes no sense for a property owner to impress his or her own property with a lien. In fact, such a lien may be viewed as a non-entity. See, *e. g., Gould v. Day,* 94 *U. S.* 405, 413, 24 L. Ed. 232 (1877); 51 *Am. Jur.* 2d, *Liens,* § 13 at 153.

■ In the course of the 1972 modification proceedings, the wife's undisputed testimony was that she had spent a total of some $4,000 for repairs and improvements. The trial judge also concluded that she was entitled — over and

above her repair expenditures — to credits for tax expenditures and shelter costs attributable to the couple's daughters.

It is apparent that the trial judge in the 1972 proceedings found that the wife had expended some $6,000 for repairs, improvements, taxes and other house-related items. He next concluded that the parties had benefitted equally from the expenditures. The $6,000 figure was thus halved. If the order here appealed were allowed to stand, it would produce the inequitable result of halving the wife's share for a second time.

In the original 1970 order the court specifically stated that the lien was in the wife's favor "against the *defendant* and against any and all interest the *defendant* may have" in the marital home (emphasis supplied). During the 1972 proceedings the court twice stated that the wife's $3,000 lien was "above her one-half interest."

The proper interpretation of the 1972 order is that the proceeds from the sale of the house are first to be divided equally between the parties and the $3,000 lien then satisfied from the husband's share.

Reversed.